**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JASON WILDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:09-cv-677-DFH-DML |
| | ) | |
| SUPERINTENDENT BRETT MIZE, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

In prison disciplinary proceeding No. ISR 09-01-0112, Jason Wilder was found guilty of possession of an electronic device. Wilder challenges the validity of that proceeding in this action. The respondent seeks dismissal, arguing that Wilder was not sanctioned in a fashion which placed him "in custody" in relation to the disciplinary proceeding.

Wilder was sanctioned with a written reprimand and a two-month loss of commissary and phone privileges. These sanctions do not affect the fact or anticipated duration of Wilder's confinement, and thus neither sanction is sufficient to enable Wilder to meet the "in custody" requirement of the federal habeas statute, 28 U.S.C. § 2254(a). *Virsnieks v. Smith,* 521 F.3d 707, 717-18 (7th Cir. 2008); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

In addition, the recommendations that Wilder be demoted from Credit Class I to Credit Class II and that he receive a credit time deprivation of 180 days were suspended sanctions. As set forth in the Adult Disciplinary Procedures, "[t]he length of time that an offender may be under a suspended sanction is six (6) months from the date of the disciplinary hearing that imposed the suspended sanction." Here, the disciplinary hearing occurred on January 13, 2009, and therefore, the suspended sanctions are no longer enforceable. As such, there was no deprivation of credit time or a credit class demotion and Wilder is not in custody pursuant to the challenged disciplinary proceeding. Wilder's bare assertions that his due process rights were violated and that he was displaced and reclassified to no pay status do nothing to satisfy the "in custody" procedural hurdle.

On the basis of the foregoing, therefore, the respondent's motion to dismiss (dkt 8) is **granted.** Wilder's request for additional time to pay the filing fee (dkt 10) is **denied** because that fee has already been paid (dkt 4). Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: August 13, 2009